*943 OPINION.
Sterni-iagen
: In Canyon Lumber Co., 1 B. T. A. 473, the Board determined that the evidence was not sufficient to establish affiliation in 1917 between this petitioner and the Dean Company. The petitioner now seeks to prove affiliation in 1919 and supplements the proof in the former proceeding so as to supply, as it contends, the earlier omissions.
The parties have agreed upon most of the facts and the petitioner has in addition to the stipulation introduced further evidence by deposition. The Commissioner, although joining in the stipulation, has reserved the objection of incompetency to all the evidence on the ground that the facts are res adjudicata. The objection was properly overruled, not only for the reason set forth in Union Metal Mfg. Co., 4 B. T. A. 287, but also because the petitioner is clearly entitled to prove the facts existing in 1919 which tend to establish affiliation in that year, irrespective of whether they be the same or different facts from those relied upon in the earlier proceeding to establish affiliation in 1917. Affiliation is a statutory status which is determinable separately for each year, and the failure of a taxpayer to establish for one year the facts prescribed by the statute can not operate to prevent a full presentation of the facts for a subsequent year.
In 1919 the stock of the Dean Company was owned one-half by the Canyon Company and one-half by the Johnson Company. By *944 its own agreement, made necessary by reason of its obligations to the Canyon Company for the financing of the Dean Company and the loans to Johnson, the Johnson Company relinquished the possession and control of the Dean stock which it owned. It retained only the bare legal title, and this was subject to the demand of the Canyon Company to purchase. The demand was made and the purchase fulfilled in the following year. During 1919 the Canyon Company and the Dean Company were operated and managed together, and as the Johnson Company had agreed not to vote its Dean stock while in escrow, the Canyon Company controlled all of the voting stock. The Commissioner points to the fact that the Johnson Company might have voted its stock if it were so minded. But this would have been in direct violation of its agreement with the Canyon Company which was so clearly understood by the parties that such vote was not attempted. In the light of the evidence of the agreement by the Johnson Company to refrain from voting, which agreement was made in the interests of the Canyon Company, we are of the opinion that the Canyon Company owned or controlled all of the stock of the Dean Company and that the two corporations were therefore affiliated within the statute.

Judgment will be entered on 15 days’’ notice, under Rule 50.